FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 25, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER MICHAEL B.,<br><br>                Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | NO:  1:24-CV-3027-RMP<br><br>ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS |

BEFORE THE COURT, without oral argument, are briefs from Plaintiff Christopher B.,[1] ECF No. 10, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 14.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the Commissioner's denial of his claim for Disability Insurance Benefits ("DIB") under Title XVI of the Social Security Act (the "Act").  *See* ECF No. 10 at 2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 1

1       Having reviewed Plaintiff's Opening Brief, ECF No. 10; the Commissioner's

2 Brief, ECF No. 14; Plaintiff's reply, ECF No. 15; the relevant law; and the

3 administrative record; the Court is fully informed.  For the reasons set forth below,

4 the Court grants judgment for Plaintiff, reverses the Commissioner's final decision,

5 and remands the matter for a finding of disability under sentence four of 42 U.S.C. §

6 405(g).

**BACKGROUND**

*General Context*

      Plaintiff applied for DIB on July 20, 2017, alleging an onset date of July 1, 2017.  *See* Administrative Record ("AR")[2] 141.  Plaintiff was 44 years old on the alleged disability date and asserted that he was unable to work due to PTSD, depression, anxiety, right knee pain, back pain/arthritis, right wrist ganglion cyst, and COPD.  AR 142.  Plaintiff's application was denied initially and upon reconsideration and following an unfavorable decision by an Administrative Law Judge ("ALJ").  *See* AR 12.  Plaintiff sought review in this District, and on January 27, 2021, United States Magistrate Judge John T. Rodgers granted in part Plaintiff's Motion for Summary Judgment and remanded the matter to the Commissioner for additional proceedings.  AR 528–48.  Judge Rodgers found that the ALJ who heard Plaintiff's claims failed to properly assess the medical opinions of Dr. Cline, Dr.

---

[2] The Administrative Record is filed at ECF No. 7.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 2

Bowes, and Dr. Eather. AR 539–41. Judge Rodgers directed that, on remand, an ALJ must reevaluate the medical evidence and Plaintiff's subjective complaints. AR 547.

Plaintiff's claim was again denied by an ALJ on January 10, 2022. AR 454. Plaintiff again sought review in this District, and on September 6, 2022, United States Magistrate Judge James A. Goeke remanded the matter for further proceedings a second time, based on a stipulation by the parties. AR 1057–59.

On October 16, 2023, ALJ Cecilia LaCara held a hearing in Seattle, Washington. AR 999. Plaintiff was present and represented by attorney Justin Jerez. AR 999. ALJ heard testimony from Plaintiff and vocational expert ("VE") Kelly McCain. AR 1000.

***ALJ's Decision***

Applying the five-step evaluation process, ALJ LaCara found:

**Step one:** Plaintiff did not engage in substantial gainful activity since the application date of July 20, 2017. AR 981 (citing 20 C.F.R. §§ 416.971 *et seq.*).

**Step two:** Plaintiff has the following severe impairments that are medically determinable and significantly limit his ability to perform basic work activities: affective disorder, anxiety disorder, personality disorder, right knee dysfunction disorder, bilateral bunions, right hand disorder, spinal disorder. AR 981 (citing 20 C.F.R. §§ 416.920(c)). The ALJ also considered the following nonsevere impairments: hernias, COPD, cataracts, opioid abuse, and hearing loss. AR 981.

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 3

**Step three:** The ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  AR 981 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).  The ALJ found that Plaintiff has a moderate limitation in remembering or applying information and concentrating, persisting, or maintaining pace; a moderate limitation in interacting with others; and a moderate limitation in adapting or managing oneself.  AR 982–83.

**Residual Functional Capacity ("RFC"):** The ALJ concluded that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(b), with the following exertional limitations: only occasional climbing ramps or stairs; no climbing ladders, ropes, or scaffolds; avoid concentrated exposure to industrial levels of vibration, hazards, nonweather related extreme cold, and respiratory irritants.  AR 983.  The ALJ included the following nonexertional limitations: simple and routine tasks, with occasional changes in the work setting, occasional interaction with the public, supervisors, and coworkers.  AR 983.

**Step four:** The ALJ did not discuss whether Plaintiff could perform any past relevant work.

**Step five:** The ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  AR 989.  Specifically, the ALJ recounted that the VE identified the following representative

occupations that Plaintiff could perform with the RFC: marker (light, with approximately 147,587 jobs nationally); housekeeper (light, with approximately 193,204 jobs nationally); and production assembler (light, with approximately 28,551 jobs nationally). AR 989. The ALJ found that Plaintiff has not been under a disability since July 20, 2017. AR 989 (citing 20 CFR § 416.920(g)).

Through counsel, Plaintiff sought in this Court review of the unfavorable decision. ECF No. 1.

## LEGAL STANDARD

### Standard of Review

Congress has provided a limited scope of judicial review of the Commissioner's decision. 42 U.S.C. § 405(g). A court may set aside the Commissioner's denial of benefits only if the ALJ's determination was based on legal error or not supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *McAllister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" also will be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record, not just the evidence supporting the decisions of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

A decision supported by substantial evidence still will be set aside if the proper legal standards were not applied in weighing the evidence and making a decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987).

### *Definition of Disability*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering the claimant's age, education, and work experiences, engage in any other substantial gainful work

1   which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the

2   definition of disability consists of both medical and vocational components.  *Edlund*

3   *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

4         **Sequential Evaluation Process**

5         The Commissioner has established a five-step sequential evaluation process

6   for determining whether a claimant is disabled.  20 C.F.R. § 404.1520.  Step one

7   determines if they are engaged in substantial gainful activities.  If the claimant is

8   engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §

9   404.1520(a)(4)(i).

10        If the claimant is not engaged in substantial gainful activities, the decision

11  maker proceeds to step two and determines whether the claimant has a medically

12  severe impairment or combination of impairments.  20 C.F.R. § 404.1520(a)(4)(ii).

13  If the claimant does not have a severe impairment or combination of impairments,

14  the disability claim is denied.

15        If the impairment is severe, the evaluation proceeds to the third step, which

16  compares the claimant's impairment with listed impairments acknowledged by the

17  Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. §

18  404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment

19  meets or equals one of the listed impairments, the claimant is conclusively presumed

20  to be disabled.

21

1    If the impairment is not one conclusively presumed to be disabling, the
2    evaluation proceeds to the fourth step, which determines whether the impairment
3    prevents the claimant from performing work that they have performed in the past.  If
4    the claimant can perform their previous work, the claimant is not disabled.  20
5    C.F.R. § 404.1520(a)(4)(iv).  At this step, the claimant's RFC assessment is
6    considered.

7    If the claimant cannot perform this work, the fifth and final step in the process
8    determines whether the claimant is able to perform other work in the national
9    economy considering their RFC and age, education, and past work experience.  20
10   C.F.R. § 404.1520(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

11   The initial burden of proof rests upon the claimant to establish a prima facie
12   case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th
13   Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden
14   is met once the claimant establishes that a physical or mental impairment prevents
15   them from engaging in their previous occupation.  *Meanel*, 172 F.3d at 1113.  The
16   burden then shifts, at step five, to the Commissioner to show that (1) the claimant
17   can perform other substantial gainful activity, and (2) a "significant number of jobs
18   exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722
19   F.2d 1496, 1498 (9th Cir. 1984).
20   / / /
21   / / /

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 8

# ISSUE ON APPEAL

The sole issue on appeal is whether to remand for further proceedings or for a finding of disability and payment of benefits. Plaintiff argues that his RFC is consistent with disability; the ALJ erred by improperly assessing Plaintiff's testimony; the ALJ erred by improperly assessing the medical opinions; and the proper remedy is to remand for benefits. ECF No. 10 at 2. The Commissioner concedes that "the ALJ's decision is inconsistent with controlling standards and the law of the case," but argues for remanding for further proceedings. ECF No. 14 at 2.

**Remedy**

The Ninth Circuit Court of Appeals has held that "[a] district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quotations omitted). A court should take the exceptional step of remanding for an immediate award of benefits only where:

> (1) The ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence [probative of disability], (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (internal quotation omitted). By contrast, remand is appropriate when additional administrative proceedings could

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 9

1  remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  Even if

2  these requirements are met, the court retains "flexibility" to "remand for further

3  proceedings when the record as a whole creates serious doubt as to whether the

4  claimant is, in fact, disabled within the meaning of the Social Security

5  Act."  *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

6      ***Training Period***

7      Plaintiff contends that his RFC is consistent with disability and that, therefore,

8  the proper remedy is to remand for benefits.  ECF No. 10 at 3–4.  Plaintiff argues

9  that the RFC limits Plaintiff to occasional interaction with the public, supervisors,

10  and coworkers, but that the jobs identified by the VE have training periods of up to

11  30 days, during which time interactions with a supervisor or lead coworker would

12  exceed an occasional or one-third basis.  ECF No. 10 at 4.  Plaintiff claims that the

13  RFC is an assessment of the most that a claimant is capable of despite limitations,

14  and, therefore, if a claimant can, at most, interact with supervisors or coworkers on

15  an occasional basis, that claimant would not be able to survive a training period if

16  interactions during that period would exceed occasional contact on a daily basis.

17  ECF No. 10 at 4.  Plaintiff argues that his RFC is consistent with disability, because

18  it precludes the ability to survive a probationary, or training period, which is

19  necessary to sustain substantial gainful activities.  ECF No. 10 at 4–5.

20      The Commissioner argues that remanding for further proceedings is the

21  appropriate remedy, because remanding with directions for a finding of disability is

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 10

rare, and Plaintiff has not met the requirements for such a remedy. ECF No. 14 at 2–3. The Commissioner argues that Plaintiff's RFC is consistent with the occupations offered by the expert, because the RFC concerns work activity performed on a regular and continuing basis, rather than a temporary training period. ECF No. 14 at 4. The Commissioner contends that, even if this Court disagrees, further proceedings would be helpful for clarification regarding the possibility of more than occasional supervisory contact, and whether other relevant occupations exist with different training requirements. ECF No. 14 at 4.

Substantial gainful activity requires the ability to hold the job for a significant period of time. *Gatliff v. Comm'r Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999). Jobs that end within three months because of the claimant's impairments are not substantial gainful activity. *Id*. Being able to work for eleven months at a time has been considered sufficient duration to constitute substantial gainful activity. *See Tylitzki v. Shalala*, 999 F.2d 1411, 1415 (9th Cir. 1993).

Here, the ALJ asked the vocational expert whether an individual with the same age, education, and work experience as Plaintiff, with the hypothetical RFC posed by the ALJ, could perform work that exists in the national economy. AR 1025. The vocational expert testified that such an individual could perform the jobs of marker, housekeeping cleaner, and production assembler. AR 1025. When asked by Plaintiff's attorney how long the training period is for these types of jobs, the vocational expert testified that it would typically be up to or less than 30 days. AR

1028. When asked how much interaction a person would have with a supervisor or lead coworker during the training period, the vocational expert testified that the individual would have "definitely more" interaction during the training period than they would have while performing the regular job duties, and that it is "possible" that such interactions would exceed an occasional (or one-third) basis for the temporary duration of the training period. AR 1029.

This testimony indicates that Plaintiff's RFC may be inconsistent with the ability to complete a standard training period of a job, as the training may require more frequent supervisor contact than Plaintiff is capable of tolerating. However, it is unclear from the expert's testimony how much interaction would be required during the training period, and whether they believed someone with Plaintiff's RFC would be terminated during the training period. Accordingly, the Court finds that Plaintiff has not met the requirements for remanding for benefits based on this ground.

*Medical Source Opinions and Subjective Testimony*

Plaintiff contends that remanding for benefits is also appropriate because the ALJ erred by improperly assessing Plaintiff's testimony and proper assessment of the evidence would have resulted in a finding of disability. ECF No. 10 at 8. Additionally, Plaintiff contends that the ALJ erred by improperly assessing the medical opinions of Dr. Cline, Dr. Bowes, Dr. Genthe, Dr. Morgan, Dr. Jackson, and Dr. Eather, because the ALJ gave no sustainable basis to discount the medical

opinions. ECF No. 10 at 9–21. Plaintiff argues that this case has been pending for nearly seven years, there have been multiple remands, the record is fully developed, and no useful purpose would be served by additional proceedings. ECF No. 10 at 21.

The Commissioner argues that this Court should not reweigh the medical evidence, and that remanding for further proceedings would be useful for evaluating the persuasiveness of the medical opinions. ECF No. 14 at 6. Specifically, although the Commissioner concedes that the ALJ improperly evaluated the opinions of Dr. Cline and Dr. Bowes, the Commissioner maintains that these opinions remain at odds with the opinion of Dr. Eather. ECF No. 14 at 5. Finally, the Commissioner contends that the record casts doubt on Plaintiff's allegedly disabling symptoms. ECF No. 14 at 7. The Commissioner argues that Plaintiff's symptoms improved through treatment, the objective medical evidence is at odds with the alleged severity of his symptoms, and his daily activities are inconsistent with disability. ECF No. 14 at 7. The Commissioner argues that remanding for benefits is improper because further proceedings would be useful and there is doubt regarding Plaintiff's disability. ECF No. 14 at 8.

The Court finds that the record as a whole does not create serious doubt as to whether Plaintiff is disabled, and additional proceedings would not be useful. Plaintiff's claim has been pending since 2017, has been heard by an ALJ three times, and has been remanded twice by a District Court. The parties agree that the ALJ

1   committed harmful error.  It is well established that "the Social Security Act does
2   not require that claimants be utterly incapacitated to be eligible for benefits, and
3   many home activities are not easily transferable to what may be the more grueling
4   environment of the workplace, where it might be impossible to periodically rest or
5   take medication."  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citations
6   omitted).  "Only if the level of activity were inconsistent with [a claimant's] claimed
7   limitations would these activities have any bearing on [his] credibility."  *Reddick v.*
8   *Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

9   　　　While the ALJ and the Commissioner both pointed to Plaintiff's testimony
10  that he is able to care for his son, this does not cast doubt on Plaintiff's claimed
11  limitations.  Plaintiff testified that he sees his son every other Thursday in the
12  morning and every other weekend.  AR 1019.  Plaintiff stated that they color
13  together, watch television shows, cook brownies, and do assignments from
14  preschool.  AR 1020.  The Court finds that Plaintiff's description of his activities is
15  not inconsistent with his subjective symptom complaints, and these activities do not
16  indicate an ability to perform competitive work on a sustained basis.  If fully
17  credited, Plaintiff's subjective testimony would be disabling.

18  　　　Regarding the medical opinions, Dr. Bowes opined that Plaintiff had several
19  marked and severe limitations in his ability to perform work-related activities.  AR
20  393–96.  Dr. Cline opined that Plaintiff had several marked and one severe
21  limitation in his ability to perform work-related activities.  AR 416–17.  Dr. Genthe

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR
CALCULATION OF BENEFITS ~ 14

and Dr. Morgan each found that Plaintiff had several marked limitations. AR 1674–75, 1684–85. Dr. Jackson found that Plaintiff was unable to engage in any substantial gainful activity by reason of a medically determinable impairment. AR 423. The Commissioner does not dispute that the ALJ improperly evaluated these medical opinions. The Court finds that, if the medical opinions of Dr. Bowes, Dr. Cline, Dr. Genthe, Dr. Morgan, and Dr. Jackson that the ALJ rejected on remand were to be credited, an ALJ would be required to find Plaintiff disabled. The Commissioner has identified no other outstanding issues that must be resolved. Therefore, a remand for calculation of benefits is warranted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 10**, is **GRANTED**.

2. Defendant the Commissioner's Brief, **ECF No. 14**, is **GRANTED IN PART** with respect to reversal and remand and **DENIED IN PART** with respect to the Commissioner's request to conduct further proceedings.

3. The decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for calculation and payment of benefits.

4. Judgment shall be entered for Plaintiff.

/ / /

/ / /

/ / /

ORDER GRANTING PLAINTIFF'S BRIEF AND REMANDING FOR CALCULATION OF BENEFITS ~ 15

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2    Order, enter judgment as directed, provide copies to counsel, and **close the file** in

3    this case.

4    **DATED** September 25, 2024.

                                               *s/ Rosanna Malouf Peterson*
6                                              ROSANNA MALOUF PETERSON
                                               Senior United States District Judge